UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PEARSON EDUCATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| CHRISTOPHER DEITER d/b/a | ) |
| WWW.EASYNOTECARDS.COM, | ) |
| | ) |
| Defendant. | ) 1:17-cv-4596 SEB -TAB |

FILED
DEC 13 2017
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Pearson Education, Inc. ("Pearson"), for its Complaint against Defendant Christopher Deiter d/b/a www.easynotecards.com ("Deiter"), alleges, on personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Pearson is a world-leader in technology-powered teaching and learning services, and one of the world's leading higher education publishing companies. It is a venerable publishing house that each year publishes thousands of educational works, including college textbooks and corresponding instructor solutions manuals and test banks. Pearson has invested enormous sums of money, time, and creative efforts to develop and market its publications, which are among the most well known and widely used in their fields.

2. Deiter owns and operates an online business located at www.easynotecards.com (the "EasyNoteCards Site"). The EasyNoteCards Site is a for-profit service that allows users to create "notecards" that correspond to specific

textbooks and chapters within those books. The notecards essentially are interactive flashcards. Although Deiter does not currently require users to pay, he profits from the display of advertising on webpages on the EasyNoteCards Site. The more visitors to the EasyNoteCards Site, the more money that Deiter obtains.

3. Deiter thumbs his nose at copyright law. The EasyNoteCards Site purports to provide a process for receiving notices of infringing content wrongfully posted on the EasyNoteCards Site. But that process is actually a sham. While Pearson has on multiple occasions sent notices containing the precise location of specific infringing content posted on the EasyNoteCards Site, Deiter has entirely abdicated his obligations. Deiter has repeatedly refused to take the simple step of removing/disabling access to the unmistakably infringing and indisputably valuable Pearson content, in spite of Pearson's repeated notices and patient explanations of the wrongfulness of and damage caused by the unlawful conduct.

4. Deiter has his reasons -- albeit illegitimate ones. Deiter drives website traffic and builds his business by highlighting, front and center on the EasyNoteCards Site, the pirated Pearson material whose infringing nature he ignores, and thereby cultivating academic dishonesty. Fearful of losing customers and intent on making money through free-riding on the authorship of others, Deiter is knowingly, willfully and blatantly violating Pearson's copyrights, and in so doing damaging several of its highest profile signature textbooks. The harm to Pearson is not just an isolated sale lost here or there. The Pearson-authored solutions to Pearson-authored testing questions (collectively, "Test Banks") are essential program components that add great value to the textbooks, but only if they can be used by teachers to create in-class pedagogy, tests, and quizzes and are not made available to students. By offering pirated copies of those

2

Test Banks, Deiter undermines the utility and ultimate value of entire academic programs to the academic marketplace, jeopardizing the very adoption of a textbook for a particular class or institution.

5. Deiter tries to cloak his actions in a veil of legitimacy by invoking the fair use doctrine to excuse his brazen infringement. But fair use is wholly inapplicable to the activity complained of here; <u>namely</u>, the wholesale copying and distribution to the public of entire Test Banks created by Pearson. This lawsuit does not concern Dieter's use of small portions of Pearson's test banks, or involve a transformative purpose. Nor does Pearson complain of any "homegrown" content created by users of the EasyNoteCards Site, or of any content Deiter created. This case concerns Deiter's knowing, indeed willful, distribution of complete and unauthorized copies of Pearson's proprietary Test Banks.

6. Deiter disdains not only copyright law, but academic integrity as well. As long as it brings him pecuniary gain, Deiter invites use of the EasyNoteCards Site for cheating, not for learning. Specifically, the Pearson Test Banks that Deiter refuses to remove/disable and continues to distribute are meant for instructors and professors, not for distribution through a publicly accessible website. Access to the Test Banks via the EasyNoteCards Site enables students to cheat, places even greater demands on teaching professionals who wish to use the test banks as assessment tools in their classes, thereby impairing the overall marketability of the associated textbooks and programs.

7. Pearson brings these claims of direct and secondary copyright infringement in order to put a stop to, and seek redress from, Deiter's unlawful activity.

## JURISDICTION AND VENUE

8. This is a civil action seeking injunctive relief and damages. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a). This is an action arising under the Copyright Act, 17 U.S.C. § 101, *et seq.*

9. Personal jurisdiction in this district is proper. Deiter resides within Indiana and this District, where he has also committed the acts of copyright infringement complained of herein.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a). A substantial part of the acts of infringement complained of herein occurs or has occurred in this District, and/or this is a District in which Defendant resides or may be found.

## PARTIES

11. Plaintiff Pearson Education, Inc. is a Delaware corporation with its principal place of business at 330 Hudson Street, New York, New York 10013.

12. Defendant Christopher Deiter is an individual who resides in the Indianapolis, Indiana area.

## PEARSON AND ITS BUSINESSES

13. Pearson is one of the world's leading learning companies, with global reach and market-leading businesses in education, business information and consumer publishing. Along with publishing some of the world's great textbooks under such well-known imprints as "Prentice Hall," "Longman," "Benjamin Cummings," and "Addison Wesley," Pearson also provides innovative print and digital education materials, including personalized learning programs; education services such as custom publishing and international educational and vocational training; and digital and

distance learning through various online platforms.

14. For teachers and instructors, Pearson also creates Test Banks as important supplemental materials to textbooks. Instructor solutions manuals are guides that provide answers and solutions to questions contained within the textbook. Test banks are sets of questions, and, in many instances, corresponding answers, to be used by the educator who assigned the textbook for his or her course. Professors and instructors use these supplemental materials to create lesson plans, homework assignments, and exams, and for grading purposes. When students obtain unauthorized access to these materials, however, the integrity of the educational process is compromised. In addition, the value of the supplemental materials (and, as a result, the textbook adoption itself) is compromised if such supplemental materials are freely or widely available.

15. As a standard practice, Pearson requires its authors of textbooks and corresponding Test Banks to assign the copyrights to it or grant it the exclusive rights of reproduction and distribution in the United States. Attached hereto as Exhibit A and incorporated by reference is a partial list of Pearson's copyrighted works. Pearson owns or controls the copyright in each of the works or derivative works listed on Exhibit A, among others (hereinafter "Pearson's Works"). Pearson has the exclusive right to reproduce and distribute Pearson's Works. Pearson has duly registered its respective copyrights in Pearson's Works as set forth on Exhibit A.

16. Test Banks are specific to a given textbook. Even where Pearson has multiple textbooks within a single subject, it produces separate solutions manual and test banks unique to each title. Each of the Test Banks is tailored to the pedagogical approach, including the questions, of a particular book. If the supplementary materials

5

did not need to so closely track the protected expression in the underlying textbook, they could be interchangeable across textbooks, which they are not.

17. The Test Banks reflect significant creative decisions such as: (a) what knowledge or skills to test versus not test, and to what degree; and (b) what examples, fact patterns, and hypotheticals to use for testing and reinforcing the material the author chose to include in the book. Of course, myriad creative efforts also go into wording of the questions, answer choices, wording of the answers, and other details.

18. Pearson is the copyright owner and publisher of one of the world's best-known textbooks entitled, *Biology*, authored by Neil Campbell and Jane Reece, among others. It is commonly referred to as Campbell's *Biology*. Dr. Campbell, who passed away in 2004 to great mourning by and universal acknowledgement within the academic community of the accomplishment represented by his innovative *Biology* textbook, was a scientist who had taught biology at the collegiate level for more than thirty years. He earned his M.A. in Zoology from University of California, Los Angeles, and his Ph.D. in Plant Biology from the University of California, Riverside. It is safe to say that Campbell's *Biology* represents the culmination of Professor Campbell's academic career. Dr. Reece, who had worked with Professor Campbell for years as a co-author before his death, is a scientist with an A.B. in Biology from Harvard University, an M.S. in Microbiology from Rutgers University, and a Ph.D. in Bacteriology from the University of California, Berkeley. She has also worked as a post-doctoral fellow in genetics at Stanford University, and serves as a primary author on the current editions of Campbell's *Biology*. First published in 1987, the *Biology* textbook is now in its 11th edition. Believed to be the most successful science college textbook in the world, it has been used by millions of students, including many who

began their college studies with the *Biology* textbook. Researching, writing and updating the *Biology* textbook requires herculean creative and scientific input, including as to the textual content, design, art, figures, and photographs.

19.  Pearson invests significant monies to publish its copyrighted works. Pearson makes substantial investments, for example, in content creation and in promotion of its copyrighted works. Pearson would suffer serious financial injury if its copyrights were not enforced. A substantial decline in their income from textbooks could cause Pearson to cease publishing one or more deserving books. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

## DEITER'S UNLAWFUL ACTIVITIES

20.  As mentioned above, Deiter is an individual who owns, controls, and operates the EasyNoteCards Site. Deiter exploits and profits from Pearson's successful textbooks, and directly impairs their marketability, by disseminating to the public their corresponding Test Banks. Deiter reaps advertising revenue from the user base that Pearson's Test Banks draw to the EasyNoteCards Site, and in turn magnifying the value of his enterprise, all by confiscating to himself the value of the work of Pearson's authors.

21.  At the EasyNoteCards Site, users can create notecards corresponding to specific textbooks or chapters within those textbooks. Entirely apart from anything that a user creates for himself or herself, however, they can also scroll through or search for notecards corresponding to specific textbooks or chapters within those textbooks. For some textbooks, there are complete and exact copies of Pearson's Test Banks on the EasyNoteCards Site. The unauthorized digital copies of Pearson's Test Banks are maintained on computers that Deiter owns or controls. With just a few clicks, visitors

can interact with the EasyNoteCard Site and download complete, unauthorized digital copies of Pearson's Test Banks.

22. Deiter has the full legal right and technical ability to prevent or limit the infringements occurring on the EasyNoteCards Site. Under the Terms of Use policy for the EasyNoteCards Site, which users agree to as a condition of using the service, Deiter maintains the right and ability to remove or disable access to the content.

23. On multiple occasions, Pearson has sent infringement notices ("Infringement Notices") to Deiter demanding that he remove or permanently disable access to certain infringing material cited in the notice, including unauthorized copies of Pearson's Test Banks for Campbell's *Biology*. The elements of each notice included: (i) a physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that was allegedly infringed; (ii) identification of the copyrighted work claimed to have been infringed; (iii) identification of the material that was claimed to be infringing and that was to be removed or access to which was to be disabled, and information reasonably sufficient for locating the material; (iv) information reasonably sufficient to contact Pearson; (v) a statement that Pearson had a good faith belief that the use of the material complained of in the notice was not authorized by the copyright owner, its agent, or the law; and (vi) a statement that the information in the notice is accurate, and under penalty of perjury, that the person sending the notice was authorized to act on behalf of the owner of an exclusive right that was allegedly infringed.

24. The Infringement Notices involving Plaintiffs' copyrighted works concerned infringing activity that was clear and unambiguous. There was no plausible legal justification for Deiter, or any users of the EasyNoteCards Site, to disseminate

8

copies of Pearson's Test Banks on and through the EasyNoteCards Site.

25. The obvious motivation for Deiter's refusal to remove or disable access to the infringing content is personal profit. The following screenshot of the homepage to the EasyNoteCards Site (taken 12/06/2017) depicts how the infringing content that Deiter refuses to remove is central to what draws visitors:



26. Deiter does not want to lose revenue by taking down popular material. Deiter fears that taking down Pearson's Test Banks would make his service less attractive to existing and prospective users. Fewer visitors to the EasyNoteCards Site would mean fewer advertising displays and, thus, less revenue to Deiter. The following screenshot (taken 12/06/2017) shows how each viewing of a webpage with

the infringing content leads to more advertising displays, and thus more revenue, for Deiter:



27. Deiter's reproduction and distribution of Plaintiffs' valuable copyrighted works takes place without authorization and without compensation to Plaintiffs, their authors, and others in the legitimate chain of commerce. On the contrary, Deiter's actions described herein benefit Deiter alone, for his commercial purposes and gain, without any changes to Pearson's copyrighted works (useful or otherwise). As a result of Deiter's actions, wholesale, unauthorized copies of Pearson's Test Banks are distributed, and with no way to prevent their viral downstream dissemination. Such infringing activity steals the fruits of Plaintiffs' and their authors' creative efforts and monetary investments, enables students to cheat, and diminishes interest among teaching professionals to use Pearson's textbooks for their classes.

28. Deiter is well aware of the infringement and cheating that he causes. Deiter has been made fully aware that neither he nor users of the service has been granted any license, permission, authorization, or consent to copy or distribute Pearson's Works (including Test Banks). Yet Deiter has continued his unlawful activity unabated.

## FIRST CLAIM FOR RELIEF
### Direct Copyright Infringement

29. Pearson re-alleges and incorporates herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

30. Plaintiffs' Works, including those listed on Exhibit A, constitute original works and copyrightable subject matter pursuant to the Copyright Act, and are protected by United States Certificates of Copyright Registration duly registered with the United States Copyright Office. At all relevant times, Pearson has been and still is the owner or exclusive licensee of all rights, title, and interest in and to their respective copyrights in such works, which have never been assigned, licensed or otherwise transferred to Deiter.

31. At this time, it is not known to Pearson whether it was Deiter, as opposed to one or more users of the EasyNoteCards Site, who uploaded Pearson's Works to the EasyNoteCards Site. In the event Deiter did so, he has directly infringed Plaintiffs' exclusive reproduction right under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. § 106(1).

32. In any event, while operating and maintaining the EasyNoteCards Site, Deiter has routinely distributed unauthorized copies of Pearson's Works, including those on Exhibit A, to users. In doing so, Deiter has directly infringed Pearson's exclusive distribution right under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. § 106(3).

33. The infringement of Pearson's rights in each of its copyrighted works constitutes a separate and distinct act of infringement.

11

34. Deiter's unlawful conduct, as set forth above, was willful, intentional and purposeful, in disregard of and with indifference to the rights of Pearson.

35. As a result of Deiter's unlawful and deliberate conduct as set forth above, Pearson has been, and will continue to be, irreparably damaged, for which Pearson no remedy at law. Unless this Court restrains Deiter from continuing his infringement of Pearson's copyrights, these injuries will continue to occur in the future.

## SECOND CLAIM FOR RELIEF
### Contributory Copyright Infringement

36. Pearson re-alleges and incorporates herein by reference each of the preceding paragraphs as if fully set forth herein.

37. The dissemination of Pearson's Works on Exhibit A on and through the EasyNoteCards Site constitutes direct infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq.*

38. Deiter is liable as a contributory copyright infringer for the direct infringement described above. Through Infringement Notices, and other means, Deiter knew that the EasyNoteCards Site was being used for copyright infringement and even knew of specific infringing material and its precise location. Nevertheless, Deiter aided and abetted such infringement by continuing to provide the site and facilities necessary for such direct infringement to continue. Deiter refused to take the simple steps available to him to stop or limit the infringement. As a result, Defendant has knowingly caused and materially contributed to the unlawful reproduction and distribution of Pearson's Works, including those listed on Exhibits A hereto, in violation of Pearson's exclusive rights under the copyright laws of the United States.

39. The infringement of Pearson's rights in each of its copyrighted works constitutes a separate and distinct act of infringement.


40. Deiter's unlawful conduct, as set forth above, was willful, intentional and purposeful, in disregard of and with indifference to the rights of Pearson.

41. As a result of Deiter's unlawful and deliberate conduct as set forth above, Pearson has been, and will continue to be, irreparably damaged, for which Pearson no remedy at law. Unless this Court restrains Deiter from continuing his infringement of Pearson's copyrights, these injuries will continue to occur in the future.

### THIRD CLAIM FOR RELIEF
### Vicarious Copyright Infringement

42. Pearson re-alleges and incorporates herein by reference each of the preceding paragraphs as if fully set forth herein.

43. The dissemination of Pearson's Works on and through the EasyNoteCards Site constitutes direct infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq.*

44. Deiter is liable as a vicarious copyright infringer for the direct infringement described above. Deiter has the right and ability to supervise and control the infringing activities that occur through the use of the EasyNoteCards Site, and at all relevant times has had a sufficient financial interest, or direct financial benefit, attributable to the infringement through the use of the EasyNoteCards Site. Nevertheless, Deiter refused to take the steps reasonably available to him to stop or limit the infringement. In particular, rather than remove or disable access to the infringing content identified in infringement notices, as he has the right and ability to do, Deiter allowed the infringement to continue unabated. As a result, Deiter is therefore vicariously liable for the unlawful reproduction and distribution of Plaintiffs' Works, including those listed on Exhibit A hereto, in violation of Plaintiffs' exclusive rights under the copyright laws of the United States.

45. The infringement of Pearson's rights in each of its copyrighted works

constitutes a separate and distinct act of infringement.

46. Deiter's unlawful conduct, as set forth above, was willful, intentional and purposeful, in disregard of and with indifference to the rights of Pearson.

47. As a result of Deiter's unlawful and deliberate conduct as set forth above, Pearson has been, and will continue to be, irreparably damaged, for which Pearson no remedy at law. Unless this Court restrains Deiter from continuing his infringement of Pearson's copyrights, these injuries will continue to occur in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment from this Court against Defendants as follows:

a. For a declaration that Deiter willfully infringed Pearson's copyrights;

b. For an accounting and disgorgement of Deiter's profits, gains, and advantages realized from his unlawful conduct;

c. For such equitable relief under Title 17, Title 28, and/or the Court's inherent authority as is necessary to prevent or restrain infringement of Pearson's copyrights, including preliminary and permanent injunctive relief, requiring Deiter, and his agents, servants, employees, and attorneys and all those acting in concert or participation with each or any of them, not to infringe Pearson's copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created;

d. For statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be proven at trial, arising from Deiter's willful violations of Pearson's rights under the Copyright Act or, in the alternative, at Pearson's election pursuant to 17 U.S.C. § 504(b), Pearson's actual damages,

including Deiter's profits from infringement, in amounts to be proven at trial;

e. Pursuant to 17 U.S.C. § 503, requiring Deiter to deliver up for destruction or other reasonable disposition all copies made or used in violation of Pearson respective copyrights;

f. Pursuant to 17 U.S.C. § 505, awarding Pearson its costs in this action, including its reasonable attorneys' fees;

g. For pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Deiter; and

h. For such other and further relief the Court deems proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Pearson hereby demands a trial by jury of all issues that are so triable.

Respectfully submitted,

Steven M. Badger (Atty. No. 16354-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  (317) 231-7293
Email:  steven.badger@btlaw.com

Scott A. Zebrak (*pro hac vice* application to be filed)
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Ave. NW, Suite 503
Washington, DC 20015
Telephone:  (202) 621-9027

*Attorneys for Plaintiff*